## CROSBY ET AL. *v* PIERCE.

[No. 3,306.   Filed June 20, 1900.]

LANDLORD AND TENANT.—*Rent.*—*Payment.*—*Pleading.*—A complaint in an action for the second year's rent due under a gas lease, which, by its terms, shows that there was no rent due for the first year of the tenancy, is not rendered bad by reason of an averment "that the agreed advance payment of rental for the first year * * was duly paid by said defendants at the time said lease was executed."

From the Grant Circuit Court.   *Affirmed.*

W. H. Carroll and G. D. Dean, for appellants.
O. A. Baker and O. L. Cline, for appellee.

HENLEY, J.—This was an action for rent due under a written lease. To the complaint, appellants, the lessees, an-

Crosby v. Pierce.

swered general denial and payment. There was a trial by jury which resulted in a verdict and judgment in favor of appellee for $98.46, the amount of rent found to be due appellee under the lease. Appellants unsuccessfully moved for a new trial. It is assigned as error that the. lower court erred in overruling appellants' demurrer to appellee's complaint, and that said court erred in its ruling on the motion for a new trial.

It is averred in the complaint that on the 12th day of April, 1893, appellee and appellants entered into a written contract, by the terms of which appellee leased to appellants his farm of eighty acres situate in Grant county, Indiana; that said lease was for the purpose of giving to appellants the exclusive right of drilling and operating for petroleum and natural gas; that it was agreed between said parties that the first year's rental should be paid in advance, and the same was duly paid at the time said lease was executed; that it was provided in said contract that said appellants, Crosby and Lewiss, should complete a well on said leased premises within the first year, or, if they failed so to do, they were to pay appellee for further delay from said time a yearly rental of $80; that no well was drilled during said first year of said lease, nor during the second year thereof, by reason whereof appellee is entitled to the rental of $80 for said second year together with interest from the time the same became due. The lease is made a part of the complaint. By its terms there was no rent due appellee for the first year of the tenancy, and we do not understand from the complaint, or from the brief of appellee's counsel, that any such claim is made. The complaint seeks to recover for the rental due under the lease for the second year of the lease, appellants having failed to drill a well as was provided in the contract.

It is argued by appellants' counsel that the complaint and exhibit show upon their face that there is nothing due appellee under the lease. We think counsel are in error. It was

not necessary to the sufficiency of the complaint that appellee allege the payment of $80 rental at the time of the execution of the lease. The averment of the complaint as to the payment of the $80 was as follows: "That the agreed advance payment of rental for the first year, to wit, from the date of the execution of said lease to the 12th day of April, 1894, was duly paid by said defendants at the time said lease was executed." This allegation did not aid the complaint, neither did it render it insufficient. The theory of the complaint is that appellants under the lease owe appellee the annual rental, which by the terms of the lease was to begin one year after its execution. If, in fact, the $80 paid was paid under the terms of the lease and was intended by the parties to be a payment of the rent accruing thereunder, then the plea of payment presented this issue to the jury, and was by the jury decided adversely to appellants. So far as the averments of the complaint show, the agreement to pay the $80 in advance, which was paid, was an executed parol agreement which was in no way connected with the lease except that it was contemporaneous with it. There was no error in overruling the demurrer to the complaint.

The questions arising upon the motion for a new trial relate to the sufficiency of the evidence to sustain the judgment. The evidence upon the material point discussed by counsel is sharply conflicting. This court will not weigh the evidence.

Judgment affirmed.